IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACY NICOLE LONG, an individual, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>75 JUNCTION CORPORATION, d/b/a )<br>75 JUNCTION, domestic for profit )<br>business corporation, )<br>)<br>Defendant. ) | Case No.  18-CV-11-SPS<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED FOR<br>THE FIRM |

## COMPLAINT

**COMES NOW**, the Plaintiff, Lacy Nicole Long, by and through her attorney of record, Jessica N. Bailey of the firm *Armstrong & Vaught, P.L.C.*, and for her causes of action against the above named Defendant would respectfully show the court as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

1

5. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma, residing in Henryetta, Okmulgee County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Okmulgee County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC and issued a Notice of Conciliation Failure and a Notice of a Right to Sue on October 18, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a corporation engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff applied to be a part-time Cook with Morgan Neilson at 75 Junction on October 23, 2016 via Facebook post.

11. Along with commenting on the Facebook post, Plaintiff messaged Ms. Neilson, applying for the Cook position on October 23, 2016.

12. That same day, Ms. Neilson denied Plaintiff the job, stating they "were looking for a man."

13. Based on her skills and prior experience, Plaintiff was qualified to perform the functions of the Cook position with Defendant at the time of her application.

14. Plaintiff believes that she was discriminated against on the basis of her gender, to wit, female, in violation of Title VII of the Civil Rights Act of 1964.

### FIRST CLAIM
**(Gender Discrimination in Violation of Title VII)**

15. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

16. That, as a member of a protected class, to wit: female, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

17. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her gender, to wit: female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

18. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her gender, to wit: female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

19. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

20. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Jessica N. Bailey*
**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
*jbailey@a-vlaw.com*
***Attorney for Plaintiff***