IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACY NICOLE LONG, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 18-CV-11-SPS |
| ) | |
| 75 JUNCTION CORPORATION, d/b/a ) | |
| 75 JUNCTION, domestic for profit ) | |
| business corporation, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION TO DISMISS

**COMES NOW** the Plaintiff, Lacy Long, by and through her attorney of record, Jessica N. Bailey of *Armstrong & Vaught, P.L.C.*, and hereby moves to dismiss her First Claim for relief, Gender Discrimination in Violation of Title VII, as plead in her *First Amended Complaint* (ECF No. 6). In support thereof, Plaintiff would respectfully show the Court, as follows:

1. Plaintiff applied for a part-time cook position with Defendant after seeing a post on Facebook seeking applicants for that position. After following up with the author of the post, Morgan Neilson, Plaintiff was denied the position and was told that such denial was because Defendant was "looking for a man." **[Ex. 1, Facebook Post and Messages]**.

2. In light of these facts, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in which she alleged she was subjected to discrimination under Title VII of the Civil Rights Act of 1964 on the basis of her gender.

3. After completing its investigation, the EEOC found reasonable cause to believe that an unlawful employment practice had occurred and undertook efforts to eliminate that practice via conciliation. *See* 29 C.F.R. § 1601.24(a) (conciliation only occurs once the EEOC has found reasonable cause that an unlawful employment practice has occurred). Such conciliation efforts failed and a Notice of Rights was issued by the agency. **[Ex. 2, Conciliation Failure]**;

1

**[Ex. 3, Notice of Right to Sue]**.

4. On January 10, 2018, Plaintiff caused to be filed her *Complaint* in the above-captioned matter. (ECF No. 2). Plaintiff initially limited her claim for relief to an alleged violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

5. On February 5, 2018, Plaintiff caused to be filed her *First Amended Complaint*. (ECF No. 6). By virtue of this amendment, Plaintiff added an alternative claim under the Oklahoma Anti-Discrimination Act ("OADA") in the event that Defendant was found to have less than 15 employees. (*Id*.).

6. On February 16, 2018, Defendant caused to be filed a *Motion to Dismiss*, arguing that the Court lacked jurisdiction over the claims as Defendant employed less than 15 employees during the relevant period at issue. (ECF No. 10).

7. On February 23, 2018, Defendant caused to be filed a *Motion for Summary Judgment* regarding the *First Amended Complaint*. (ECF No. 12). This version also argued that the Court lacked jurisdiction over Defendant because it did not employ 15 or more employees during the relevant period but also sought dismissal on jurisdictional grounds because the Plaintiff was "not an employee as the statute requires" and "there is no diversity of citizenship." (*Id*. at ¶¶ 6-7).

8. On March 9, 2018, Plaintiff caused to be submitted her response to Defendant's motion to dismiss. (ECF No. 14). Plaintiff correctly pointed out that the jurisdictional arguments raised by Defendant in its motion were utterly lacking in merit and requested the opportunity to complete the discovery necessary to answer the substantive question of whether the Defendant has the requisite number of employees for Title VII coverage. (*Id*.).

9. On July 16, 2018, the Court issued a *Minute Order* advising the parties that it was construing

Defendant's motion to dismiss as one for summary judgment and directed Plaintiff to supplement her response with evidentiary material in opposition to the motion or a Rule 56(d) declaration detailing what discovery was needed to respond. (ECF No. 21).

10. On August 6, 2018, Plaintiff submitted a Declaration under Rule 56(d) and subsequently, on August 7, 2018, the Court denied Defendant's *Motion for Summary Judgment / Motion to Dismiss*. (ECF Nos. 22, 24).

11. While all of these procedural events were occurring, the parties had already engaged in written discovery. Pertinent to the substantive issue regarding the number of employee employed by Defendant during the relevant period, Plaintiff requested production of Defendant's payroll records for 2016 and 2017, and followed up with Defendant's counsel regarding Defendant's failure to produce the requested documents. **[Ex. 4, July 2, 2018 ltr to Smith]**. Plaintiff again followed up regarding the requested records by email on August 22, 2018 and September 25, 2018. **[Ex. 5, Aug. 22, 2018 email to Smith]; [Ex. 6, Sept. 25, 2018 email to Smith]**. Counsel finally responded on September 25, 2018 and advised that he was still waiting for the remainder of the documents which had been requested in discovery. **[Ex. 7, Sept. 25, 2018 email to Bailey]**.

12. On September 28, 2018, months after these documents were initially due, Defendant finally produced its payroll records for 2016/2017. **[Ex. 8, Sept. 28, 2018 email to Bailey with attachments]**.

13. On October 1, 2018, counsel for Plaintiff acknowledged receipt of the 2016/2017 payroll records and advised counsel for Defendant that she would review the records and advise as to the next steps she would take. **[Ex. 9, Oct. 1, 2018 email to Smith]**.

14. After reviewing the records, and conferring with Plaintiff, counsel determined that dismissal

of the Title VII gender discrimination claim was appropriate and submitted a proposed *Joint Stipulation of Dismissal* to Defendant's counsel for review.  **[Ex. 10, Oct. 15, 2018 email to Smith with attached Stipulation]**.

15. Defendant's counsel refused to agree to the stipulation as worded, as the "federal court has no jurisdiction over this case (any causes) because of the 15 employee per pay period requirement."  **[Ex. 11, Oct. 15, 2018 email to Bailey]**.

16. Based on the findings of the EEOC, which presumptively included an assessment of the number of employees employed by Defendant during the relevant period, Plaintiff filed her initial *Complaint* asserting a Title VII claim against Defendant.  Any state law claims, such as Plaintiff's OADA claim, would have thus been appropriately included under the Court's supplemental jurisdiction to the extent that such claims form the same case or controversy as the federal claims.  28 U.S.C. § 1367(a).

17. Now that Plaintiff has received Defendant's payroll records, and has had an opportunity to review same, Plaintiff believes that dismissal of her Title VII claim is proper.  As such, Plaintiff requests that the Court grant dismissal of Plaintiff's First Claim – Gender Discrimination in Violation of Title VII – pursuant to Fed.R.Civ.P. 41(a)(2) and that such dismissal be recorded as "without prejudice."

18. As Plaintiff had a reasonable basis to believe that the U.S. District Court for the Eastern District of Oklahoma had jurisdiction over her claims, and such claims were not filed in bad faith, the Court should find that an award of attorney's fees and/or costs in favor of Defendant are not warranted and, as such, the dismissal should state that each party shall bear their own attorney's fees and costs in this matter.  Additionally, a dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is ordinarily "without prejudice" and such dismissal would foreclose either party from obtaining

prevailing status in this matter as of the dismissal.

19. The Court, however, obviously has discretion over whether it exercises supplemental jurisdiction given that all claims over which it had original jurisdiction will be dismissed. *Id.* at § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Courts "consider and weigh … the values of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[A] powerful reason to choose not to continue to exercise jurisdiction" is when the "single federal-law claim in the action was eliminated at an early stage of the litigation." *Id.*

20. If the Court declines to exercise supplemental jurisdiction over this matter, Plaintiff requests that the remaining claim be remanded to the District Court of Okmulgee County. *Carlsbad Tech*, 556 U.S. 639. Here, the court has not examined the merits of this case, all potential federal claims have been withdrawn, and the court has made no findings as to the underlying state matters. Thus, it is more appropriate to remand the remaining legal issues to the state court. *Carnegie-Mellon Univ.*, 484 U.S. at 350.

**WHEREFORE**, premises considered, Plaintiff respectfully requests that the Court dismiss her first claim for relief, a violation of Title VII of the Civil Rights Act of 1964, without prejudice; that the Court's dismissal reflect that the parties shall each bear their own attorney's fees and costs in this matter; that the Court remand the remaining state law claims to the District Court of Okmulgee County; and that the Court grant all such further relief the Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**


By:  *s/ Jessica N. Bailey*
**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
jbailey@a-vlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 17th day of October, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for Filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert Smith—rsmith@robertlsmithlaw.com


*/s/ Jessica N. Bailey*
Jessica N. Bailey