# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACY NICOLE LONG, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>75 JUNCTION CORPORATION, )<br>a domestic for profit business corporation )<br>doing business as 75 Junction, )<br>)<br>**Defendant.** ) | Case No. CIV-18-11-SPS |

## OPINION AND ORDER

This matter comes before the Court on motion by Plaintiff Lacy Nicole Long to dismiss [Docket No. 29] her first claim for relief, an alleged violation of Title VII of the Civil Rights Act of 1964, without prejudice. Plaintiff sued the Defendant 75 Junction Corporation ("75 Junction"), alleging a violation Title VII in her original Complaint filed with this Court. *See* Docket No. 2. Plaintiff then amended her Complaint as a matter of course, alleging again the Title VII violation, as well as a violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1301 et seq. *See* Docket No. 6. The Defendant moved to dismiss Plaintiff's Amended Complaint, which the Court construed as a Motion for Summary Judgment and denied without prejudice to refiling at an appropriate time upon further discovery. *See* Docket Nos. 12, 21, 24. The Plaintiff has now filed the present motion, which the Court finds should be granted for the reasons stated below.

Plaintiff states in her motion that, based upon an examination of the Defendant's payroll records, dismissal of her Title VII claim is appropriate. *See* 42 U.S.C. § 2000e(b) (noting that "[t]he term 'employer' means a person who [*inter alia*,] has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."). The Defendant has not responded to the Plaintiff's motion, and the Court therefore finds that such motion should be granted. *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009), *citing* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Here, the Plaintiff has requested that this Court decline to exercise its supplemental jurisdiction over the remaining Oklahoma state law claim, and that the case be "remanded" to the Oklahoma District Court of Okmulgee County. In light of the Plaintiff's request and the Defendant's lack of objection, the Court therefore declines to exercise supplemental jurisdiction over the remaining state law claim in this case. *See Smith v. City of Enid By and Through Enid City Commission*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Inasmuch as this case has not been removed from an Oklahoma State Court, however, this Court lacks

the ability to remand it to a state court. As such, the Court finds that the remaining state law claim is hereby dismissed without prejudice.

Consequently, IT IS ORDERED that the Plaintiff's Motion to Dismiss [Docket No. 29] is hereby GRANTED, and this case is hereby DISMISSED WITHOUT PREJUDICE.

**DATED** this 1st day of November, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma